CULPEPPER, Judge.
Plaintiff seeks to expropriate a servitude on defendant’s land to construct a dam and spillway for recreational purposes. Defendants filed an exception of no right of action on the grounds that the Police Jury does not have the right to expropriate property for such purposes. The district judge sustained this exception. Plaintiff appealed.
The issue is whether the Police Jury, acting in its own name, has the power to expropriate property for the construction of a dam for recreation purposes. Defendants’ principal contention is that, under the applicable statutory provisions, the Police Jury cannot exercise such powers in its own name, but must, instead, create a recreation district which would have such powers.
LSA-R.S. 33:4552 provides in pertinent part:
“The governing body of any municipality or parish or ward may dedicate and set apart for use as playgrounds, recreation centers, or for other recreation purposes, any lands or buildings owned or leased by the municipality or parish, and not dedicated to another and inconsistent public use. The governing body may, in the manner provided by law for the acquisition of property for public purposes, acquire or lease lands or buildings within or beyond the corporate limits of the municipality or parish or ward for playgrounds, recreation centers or other recreation purposes.” (Emphasis supplied.)
LSA-R.S. 33:4621 pertinently provides:
“Municipalities and parishes may expropriate and otherwise acquire any private property, within or without their limits, for any of the purposes for which they are organized, and for any works that they are authorized to own or operate, sfi ‡
LSA-R.S. 33:4562 provides in part:
“A. The police jury of any parish in the state is authorized and empowered *507 upon its own initiative to form and create recreation district or districts by wards or otherwise and in so doing to divide a parish into one or more recreation districts, or by agreement with the police jury of any other parish to combine two or more parishes or parts thereof into a single recreation district with such name or names as said police jury or juries may designate, provided that no recreation district shall extend into the corporate limits of a municipality without the consent of its governing body.
“B. Any recreation district created under the provisions of R.S. 33:4562 paragraph A shall constitute a body corporate, and shall have the power and right to incur debts and enter into contracts and to do and perform any and all acts in its corporate name which are necessary or proper for carrying out the objects and purposes for which the recrea-, tion district is created, including but not limited to the expropriation of property, the acquisition of equipment, buildings and physical facilities.”
Defendants first argue that LSA-R.S. 33:4552, authorizing police juries to acquire property for recreation purposes, does not expressly use the word “expropriate.” Whereas, LSA-R.S. 33:4562, subd. B, authorizing juries to create recreation districts, expressly authorizes recreation districts to “expropriate.” Defendants say the legislature intentionally made such a distinction because recreation districts cannot acquire property outside their boundaries, whereas police juries can' acquire property outside their limits. The argument is the legislature did not want to empower police juries to expropriate land outside their boundaries for recreation purposes.
This argument has no merit. LSA-R.S. 33:4552 does not use the word “expropriate” but it does state that the police jury may acquire land for recreation purposes “in the manner provided by law for the acquisition of property for public purposes.” The quoted clause clearly refers to the right of expropriation. Any doubt is resolved by the provisions of LSA-R.S. 33:4621 quoted above. The language clearly authorizes police juries to expropriate property without their limits, for recreation purposes.
Defendants next argue that the statutes do not expressly give the police jury the power to expropriate property for the construction of dams. The argument here is that LSA-R.S. 33:1236 gives police juries only the power “to regulate” dams, etc.; and the words “recreation centers or other recreation purposes” in LSA-R.S. 33:4552 do not include the construction of dams. We cannot agree. It is clear to us that “recreation purposes” include the construction- of dams to impound bodies of water for swimming, boating, fishing, etc.
Construing the statutes in question generally, police juries have the power, in their own names, to expropriate for the purposes at issue. If they so desire, they can create recreation districts with similar powers. We do not think the legislature intended that recreation districts, created by police juries, have greater powers of expropriation than the juries themselves.
For the reasons assigned, the judgment appealed is reversed and set aside. This case is remanded to the district court for further proceedings in accordance with law and the views expressed herein. All costs of this appeal are assessed against the defendants appellees. Costs in the district court will await a final determination of the case.
Reversed and remanded.